**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Florence M. Guillory<br><br>                           Debtor. | Chapter 7<br><br>Case No.: 24-11417-AMC |
| Florence M. Guillory<br><br>                           Plaintiff<br><br>vs.<br><br>Clearview Federal Credit Union<br><br>                           Defendant. | Adv. Pro. No. 24-00077-AMC |

**DEFENDANT CLEARVIEW FEDERAL CREDIT UNION'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

1. Admitted.

2. Admitted.

3. Denied. The allegations contained in Paragraph 3 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Admitted.

5. Denied as stated. Defendant consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. The remaining allegations of Paragraph 5 of the Complaint which are not expressly admitted are denied.

**Parties**

6. Admitted and denied. It is admitted that Plaintiff is an individual. The remaining allegations of Paragraph 6 of the Complaint which are not expressly admitted are denied.

7. Admitted and denied. It is admitted that Defendant is a federal credit union whose main office is located at 8805 University Boulevard, Moon Township, PA 15108. The remaining allegations of Paragraph 7 of the Complaint which are not expressly admitted are denied.

**Background**

8. Admitted.

9. Denied as stated. Plaintiff maintains two (2) share accounts with Defendant (together, the "Accounts"). By way of further answer, as of April 26, 2024 (the "Petition Date"), the Accounts held, in the aggregate, approximately $5,786.22.

10. Denied. By way of further answer, prior to the Petition Date, Plaintiff obtained two lines of credit from Defendant (together, the "Loans"). As evidence of the Loans, Plaintiff and Defendant executed that certain Loan and Security Agreements and Disclosure Statement dated as of December 8, 2023 pursuant to which Plaintiff, *inter alia*, pledged the Accounts as security for the Loans. As of the Petition Date, Plaintiff owed $3,389.29 under the Loans. On April 30, 2024, Defendant placed a temporary administrative hold in the amount of $3,389.29 on the Accounts pending the resolution of a motion for relief from the automatic stay. On May 1, 2024, Plaintiff contacted Defendant and was advised of the administrative hold. On June 14, 2024, Defendant filed its *Motion for Relief From the Automatic Stay to Exercise Setoff Rights*. *See* Main Case Dkt. No. 15.

**Count One**

11. Defendant incorporates its answers to Paragraphs 1-10 of the Complaint, as if fully stated herein.

12. Denied. The allegations contained in Paragraph 12 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Denied.

14. Denied. The allegations contained in Paragraph 14 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

### Count Two

15. Defendant incorporates its answers to Paragraphs 1-14 of the Complaint, as if fully stated herein.

16. Denied. The allegations contained in Paragraph 16 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Denied.

### FIRST AFFIRMATIVE DEFENSE

Defendant reserves the right to assert all applicable counterclaims and defenses to the claims asserted in the Complaint. As Defendant has not yet obtained discovery from Plaintiff, Defendant reserves the right to amend or otherwise supplement this pleading, including the defenses set forth herein as may be appropriate.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to these proceedings by Fed. R. Bankr. P. 7012.

**THIRD AFFIRMATIVE DEFENSE**

Defendant asserts all rights of setoff and recoupment available under applicable law, including, without limitation, Defendant's claims against Plaintiff for no less than $3,389.29 arising from amounts due and unpaid under the Loan.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant has not violated the automatic stay as provided by 11 U.S.C. § 362(a) because it is not a violation of the automatic stay for a secured creditor to preemptively place a temporary administrative hold on the bank account of a debtor while such secured creditor prepares to file a motion for relief from the automatic stay. *See Citizens Bank v. Strumpf,* 516 U.S. 16 (1995).

**FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts all defenses available under § 550 of the Bankruptcy Code, including without limitation all defenses available under §§ 550(b)(1) and (b)(2).

**SIXTH AFFIRMATIVE DEFENSE**

Defendant reserves all rights to assert any and all defenses under Chapter 5 and other relevant provisions of Title 11 of the United States Code, as well as applicable state and other federal law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to prejudgment or post-judgment interest or attorneys' fees and costs.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims in the Complaint should be dismissed to the extent Plaintiff lacks standing to bring any of them.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover to the extent claims are barred by the applicable statutes of limitation and the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover to the extent their claims are barred by (1) waiver, (2) estoppel or (3) unclean hands.

WHEREFORE, Defendant requests that the Court (a) deny Plaintiff the relief requested in the Complaint, (b) grant an order dismissing the Complaint with prejudice, (c) grant a judgment in favor of Defendant and against Plaintiff together with costs of this proceeding, and (d) grant such other and further relief as the Court deems just and proper.

Dated: June 24, 2024

**BLANK ROME LLP**

*/s/ Josef W. Mintz*
Josef W. Mintz (PA No. 208856)
Jordan L. Williams (PA No. 330461)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone:    (215)-569-5500
Facsimile:    (215-569-5555
Josef.Mintz@BlankRome.com
Jordan.Williams@BlankRome.com

*Counsel to Clearview Federal Credit Union*